## GEORGE MIDDLETON
### v.
## KATE MIDDLETON.

TEMPORARY ALIMONY.—Under the circumstances of this case, in view of the fact that the wife had entered into articles of separation, the court, in awarding temporary alimony, should have made the payment conditioned upon the husband's failure to pay under the articles of separation, and provided for the application of so much as was paid under the order upon said articles.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding. Opinion filed March 3, 1886.

June 9, 1885, appellee filed her bill against appellant, as her husband, setting forth his pecuniary ability, and charging him with having wrongfully neglected and refused to maintain

Middleton v. Middleton.

her and her infant child, alleging that she was living separate and apart from him without her fault; also charging him with having committed adultery ; praying that he be enjoined from disposing of his property; that she have the custody of said child and for a decree for separate maintenance, or such further or other relief as should be consistent with equity, etc. Summons was issued returnable to the July term, 1885, and was served July 10, 1885.   July 2, 1885, the defendant appeared and filed an answer denying the charges in said bill, and on the same day he filed a cross-bill charging complainant with adultery and praying for a divorce ; to which cross-bill complainant, July 13, 1885, (having previously filed a replication to defendant's answer to her bill) filed her answer, denying the several charges therein, and on the same day presented her petition to the court, under oath, asking for suit money, and alimony pending the suit, for herself and child.   Upon a full hearing upon affidavits by and on behalf of the respective parties, the court, July 14, 1885, made an order requiring the defendant to pay to complainant the sum of two hundred dollars per month as temporary alimony, the first ·payment to be made July 20, 1885, and thereafter on the twentieth day of each month until the further order of the court, and that he pay to the solicitors for the complainant, within thirty days from that date, the sum of two hundred dollars as and for a reasonable solicitor's fee in the case.

It appeared that March 17, 1885, the parties entered into articles of separation, whereby defendant, amongst other things, covenanted to pay house rent for his wife, not exceeding fifty dollars per month, and to pay her one hundred and fifty dollars on the first Monday of each and every month for her support.

The defendant appealed from said order to this court.

Mr. M. S. ROBINSON, for appellant.

Messrs. THOMSON & FELSENTHAL, for appellee.

MCALLISTER, J.   We are of opinion that the objections to the order appealed from, taken by appellant's counsel, are

none of them sustainable, except the last. The first is that the court erred in assuming jurisdiction over the person of appellant at the June term, 1885, of the court against his objections.

It is true that the summons was returnable to July term, 1885, which did not begin until the 20th of that month, and the order appealed from was made July 14, 1885. But the defendant had previously come in, filed his answer and also a cross-bill, charging the complainant with adultery and praying for a divorce. Those steps having been taken by him, prior to the return term, conferred upon the court as complete jurisdiction of his person as it could ever obtain. The cause was at issue before the order. The defendant filing a cross-bill for a divorce was as efficient in calling into exercise the powers of the court over the matter of temporary alimony or solicitor's fees for the wife, as if he had proceeded by original bill for a divorce.

The second and third objections are that, inasmuch as the wife's bill was for separate maintenance, there was no authority in the court to allow her temporary alimony, and to that extent the order was erroneous ; and, it appearing that the parties had entered into articles of separation whereby, amongst other things, he had covenanted to pay her for house rent not to exceed fifty dollars per month and one hundred and fifty dollars per month for her support and that of their infant child, she had no standing in court upon a bill for separate maintenance.

If the case were, in reality, only a case of a bill by the wife for separate maintenance, and the articles of separation were fairly obtained and fully performed, then there would be a grave question whether the bill for separate maintenance would lie. Ross v. Ross, 69 Ill. 569. But such is not the case. Her bill is so drawn, that if it should be sustained by the evidence at the trial, she could, at her election, take a decree for a divorce. And besides, he, by his cross-bill, has become an assailant charging her with adultery and praying for a divorce from her on that ground, thus presenting an entirely different case from that assumed by counsel. Under the actual case,

there can be no doubt of the correctness of the court in holding he had authority to award temporary alimony and solicitor's fees.

The last point is, that "the court erred in the amount of alimony awarded and in allowing solicitor's fees without any evidence upon which to base the same." The court did hear evidence on behalf of the respective parties to the fullest extent, as to the wife's needs and the defendant's pecuniary ability, as well also that bearing upon the conduct of the parties toward each other. If, however, the meaning of the order is, that the defendant should pay complainant two hundred dollars per month in addition to the sum he bound himself to pay her, by the articles of separation, or irrespective of what he was obligated to, or did pay under the same, it would seem to be unreasonable and unjust. The order to pay temporary alimony is without qualification; so that, if the defendant should comply with it, or it should be enforced against him, the complainant might nevertheless have her action at law upon the articles of separation, and payments in compliance with said order, would constitute no defense. We can conceive of no reason why the defendant should be placed in any such predicament. His wife, so far as appears, voluntarily and freely entered into the articles of separation, and in her bill in no way alludes to them or seeks to challenge their validity. That contract should, therefore, be regarded as valid and binding upon both of them. We perceive no objection to the allowance of solicitor's fees; but as respects the temporary alimony, the order should have made the payment conditioned upon defendant's failure to pay under the articles of separation, and provided for the application of so much as was paid under the order, upon said articles.

The order will be reversed and the case remanded for further proceedings.

Order reversed.